UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY RYAN, JILL RYAN,
FORTUNE & MCGILLIS, SC,

        Appellants,

v.                                               Case No. 21-cv-0449-bhl

BRANKO PRPA MD LLC,

        Appellee.

## DECISION AND ORDER

      This case concerns the appeal of a March 24, 2021 Bankruptcy Court decision and order in *Branko Prpa MD, LLC v. Rodney Ryan, Jill Ryan, and Fortune & McGillis, S.C.* (*In re Ryan*), Case No. 19-19833-beh, Adversary No. 19-02209-beh, 629 B.R. 616 (Bankr. E.D. Wis. 2021). At issue is whether the Bankruptcy Court committed error when it determined that settlement funds expressly designated for payment of medical expenses in a state worker's compensation administrative order were excluded from and never part of the appellants' bankruptcy estate. Having considered the issues raised in this appeal, the arguments of the parties, the relevant portions of the record, and the applicable principles of law, the Court affirms the Bankruptcy Court's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

      After suffering work injuries in 2016, while employed by Gleason Marvin Contractor, Inc., Rodney Ryan sought worker's compensation benefits under Wis. Stat. Ch. 102. Ryan was represented in the matter by Attorney Richard Fortune of Fortune & McGillis SC (FMSC). After three years of litigation, Ryan, his employer, and their workers' compensation insurer, West Bend Mutual Insurance Company, entered into a "full and final" Compromise Agreement dated August 27, 2019. According to the Agreement, the parties acknowledged that Ryan claimed to have sustained an injury "while performing services growing out of and incidental to his employment," for which he sought "various benefits under Chapter 102 [the Worker's

Compensation Act of Wisconsin], including but not limited to, indemnity and medical expense."
(R. 4-4 at 37-38.) In terms of the settlement payment, the Agreement provided:

> [T]he Employer and Insurer will pay as follows: $150,000 to Rodney Ryan, minus attorney fees and costs listed below; $400,000 to the Trust Account of Fortune & McGillis for disbursement to medical providers and lienholders, it being understood that from any balance remaining Mr. Ryan shall receive 80% and Fortune & McGillis shall receive 20%[.]

(R. 4-4 at 39.)

The parties submitted the Agreement to Wisconsin Worker's Compensation Administrative Law Judge Donald J. Doody, who granted approval on September 17, 2019. The resulting Office of Worker's Compensation Hearing (OWCH) Order provided:

> Within 21 days from the date of this order, the respondent and insurance carrier shall pay to the applicant, Rodney Lee Ryan, the sum of One hundred twenty thousand dollars ($120,000.00); to the applicant's attorney, Richard A. Fortune, the sum of Thirty thousand dollars ($30,000.00) as fees; and to the Trust Account of Fortune & McGillis SC, the sum of Four hundred thousand dollars ($400,000.00) for disbursement to medical providers and lienholders, it being understood that from any balance remaining the applicant, Rodney Lee Ryan, shall receive 80 percent and Fortune & McGillis SC shall receive 20 percent.

(R. 4-4 at 13.) The only payment at issue in this appeal is the $400,000 payment to the Trust Account of Fortune & McGillis (Disputed Funds).

Ultimately, notwithstanding the terms of the OWCH Order, no payments were made to medical providers or lienholders. On October 11, 2019, less than a month after the OWCH Order was issued, Rodney Ryan and his spouse, Jill Ryan, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In their Amended Schedules, the Ryans listed their Workers Compensation payment as a "financial asset" with a total value of $781,000.00,[1] and claimed an exemption in the entire amount. (R. 4-7 at 32, 35.) The Ryans also listed Branko Prpa, MD, LLC (Prpa) as a creditor with an unsecured claim in the amount of $445,684.00 for medical services provided as a result of Ryan's 2016 injuries. (R. 4-3 at 25.) The Ryans' schedules also listed approximately $425,000.00 in other unsecured medical debt. (R. 4-3 at 16-31.)

On December 16, 2019, Prpa filed an adversary complaint seeking a determination that the Disputed Funds were not part of the Ryans' bankruptcy estate and were held in trust for the benefit of medical providers or, alternatively, the imposition of a constructive trust. (R. 4-4 at 1-

---

[1] This total includes a Workers' Compensation Medicare Set-Aside Arrangement, which is not at issue here.

9.) Prpa also filed a separate objection to the Ryans' claim of exemption over the funds. (R. 4-3 at 60-62.)

On March 24, 2021, the Bankruptcy Court granted Prpa's motion for summary judgment and sustained the objection to the Ryans' claim of exemption in the Disputed Funds. (R. 4-4 at 3-93; 4-3 at 76-107.)

## DISCUSSION

This Court has jurisdiction over the appeal of the Bankruptcy Court's order under 28 U.S.C. §158(a). The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *See Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011).

No facts are in dispute. The question on appeal is whether the Bankruptcy Court erred when it concluded that: (1) the OWCH Order created an express trust in favor of Ryan's medical providers and lienholders; (2) Wisconsin Statute §102.27, which protects compensation claims from creditors, did not preclude a trust in favor of creditors in a debtor's worker's compensation settlement proceeds; (3) even if the OWCH Order did not create an express trust for the benefit of Ryan's medical providers and lienholders, there was a basis to impose a constructive trust on the Disputed Funds; and (4) the Ryans' remainder interest in the settlement funds was insufficient to bring the proceeds into the bankruptcy estate.

A.  **The Bankruptcy Court's Analysis.**

The Bankruptcy Court concluded that the OWCH Order created an express trust in favor of the debtors' medical providers. The Bankruptcy Court identified three elements necessary under Wisconsin law for the creation of a trust: (1) a trustee, who holds property and is subject to equitable duties to deal with it for the benefit of another, (2) a beneficiary, to whom the trustee owes equitable duties to deal with trust property for its benefit, and (3) trust property, which is held by the trustee for the beneficiary. (R. 4-4 at 373 (citing *Sutherland v. Pierner*, 249 Wis. 462, 467, 24 N.W.2d 883 (1946).) The Bankruptcy Court explained that, based on the text of the OWCH order, each of these three elements was met: FMSC was a trustee, the medical providers and lienholders were the beneficiaries, and the disputed $400,000 was trust *res* to be held by FMSC for the benefit of the medical providers and lienholders. (R. 4-4 at 376-77.) Additionally, as the disputed funds never became property of the estate, the Bankruptcy Court held there was no merit to the Ryans' claim of exemption of those funds. (R. 4-4 at 379.)

The Bankruptcy Court also held that Wis. Stat. §102.27 did not preclude the creation of a trust in favor of creditors in a debtor's worker's compensation settlement proceeds. The Court rejected Ryan's argument that *all* monies approved by the OWCH Order are necessarily and unconditionally protected from creditors under Wis. Stat. §102.27(1). That subsection provides

> (1) Except as provided in sub. (2), no claim for compensation shall be assignable, but this provision shall not affect the survival thereof; *nor shall any claim for compensation, or compensation awarded, or paid, be taken for the debts of the party entitled thereto*.

Wis. Stat. §102.27(1) (emphasis added). The Bankruptcy Court explained this provision needed to be viewed in context of the statute as a whole, including Wis. Stat. §102.26(3), which authorizes different categories of payments from a worker's compensation claim. Section 102.26(3) provides in relevant part:

> Fees and costs
> (a) Except as provided in par. (b), compensation exceeding $100 in favor of any claimant shall be made payable to and delivered directly to the claimant in person.
> (b) 1. Subject to sub. (2), upon application of any interested party, the department or the division may fix the fee of the claimant's attorney or representative and provide in the award for that fee to be paid directly to the attorney or representative.
> 2. At the request of the claimant medical expense, witness fees and other charges associated with the claim may be ordered paid out of the amount awarded.

Reading sections 102.27(1) and 102.26(3) together, the Bankruptcy Court concluded that not all funds ordered to be paid pursuant to an OWCH order approving a compromise constitute compensation to which the employee claimant is entitled. Based on the entirety of the statutory scheme, the Bankruptcy Court held that the $400,000 was not compensation to which Ryan was entitled pursuant to §102.27, and that the only portion of the compromise amount which Ryan could protect pursuant to §102.27 was the $120,000 paid directly to him. (R. 4-4 at 381-83.)

In the alternative, the Bankruptcy Court held that even if it were to conclude that the OWCH Order did not create an express trust for the benefit of Ryan's medical providers and lienholders, it would impose a constructive trust on the $400,000. (R. 4-4 at 385.) Under Wisconsin law, a constructive trust will be imposed if: (1) a trust is needed to avoid unjust enrichment and (2) the party obtained title to specific *res* via fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or any form of unconscionable conduct. (R. 4-4 at 385 (citing *Wilharms v. Wilharms*, 93 Wis. 2d 671, 287 N.W.2d 779 (1980).)

The Bankruptcy Court concluded that the unjust enrichment prong was met because, based on its interpretation of §§102.26(3) and 102.27(1), the $400,000 was not compensation to which Ryan was entitled. It further reasoned that the Defendants wrongfully maintained control over the funds, despite the directive of the OWCH Order to disburse the funds to medical providers. (R. 4-4 at 388-89.) Thus, a constructive trust should be imposed, if an express trust had not been created.

The Bankruptcy Court also determined that the debtors' remainder interest in the settlement funds was insufficient to bring the proceeds into the bankruptcy estate. The OWCH Order included a provision regarding the $400,000 in trust: "it being understood that from any balance remaining the applicant, Rodney Lee Ryan, shall receive 80 percent and Fortune & McGillis SC shall receive 20 percent." The Bankruptcy Court held that even if Ryan had an equitable future interest in the funds (which interest would be property of the bankruptcy estate), Ryan's ability to realize on that interest was contingent on there being any remaining balance. There was no dispute that the record at the time of the OWCH Order, and at the time the Ryans filed their bankruptcy case, showed medical bills well over $800,000. As Ryan's total medical debt of approximately $870,684 swallowed the $400,000 payment, any equitable remainder interest would have no value in the Ryans' bankruptcy. (R. 4-4 at 389-90.)

**B.      The Appellants' Challenges to the Bankruptcy Court's Rulings.[2]**

Appellants first argue the Bankruptcy Court erred in determining that the OWCH Order Approving the Compromise Agreement created an express trust in favor of Ryan's medical providers and lienholders. Based on this error, appellants contend the Bankruptcy Court further mistakenly concluded that the funds paid into the FMSC trust account pursuant to the Compromise Amount, were not property of the Ryans' bankruptcy estate and not subject to a claim of exemption. (ECF No. 9 at 16-21.) Appellants point out that the creation of a trust turns on the intentions of the parties, and an express trust requires a trustee who manages property for the benefit of a beneficiary, a beneficiary to whom the trustee owes equitable duties, and trust

---

[2] Appellee Prpa questioned Fortune and FMSC's standing, noting they had flip-flopped on whether they had any pecuniary interest in the outcome of this litigation. (ECF No. 10 at 16-17.) Appellants counter that only FMSC has asserted standing, both because it is a named party to the underlying adversary proceeding and because the Bankruptcy Court deemed it to be a trustee overseeing the disbursal of the disputed funds. (ECF No. 11 at 5-6.) As a named party in the underlying adversary proceeding, FMSC has standing in this appeal. *Cf. Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well-settled.").

property to be managed by the trustee. According to appellants, none of the parties to this case intended to create a trust in favor of the medical providers and lienholders, and nothing about the OWCH Order suggests a trustee relationship between FMSC and the medical providers. (*Id*. at 14-15.)

The record supports the Bankruptcy Court's conclusion that the plain terms of the OWCH Order established the elements of an express trust under Wisconsin law. (R. 4-4 at 376-79.) In directing that $400,000 in insurance proceeds – the trust *res* – be held in FMSC's trust account, the OWHC Order placed FMSC in the role of Trustee. FMSC, in turn, owed equitable duties to deal with the trust *res* for the benefit of the medical providers and lienholders. (*Id*. at 373-76, citing *Sutherland v. Pierner*, 249 Wis. 462, 467, 24 N.W.2d 883 (1946).) This Court finds no error in that ruling.

Appellants next argue that the Bankruptcy Court erred when it determined that Wis. Stat. §102.27(1) did not preclude the creation of an express trust in favor of Rodney Ryan's medical providers and lienholders or otherwise protect the settlement amount. (ECF No. 9 at 21-23.) Wis. Stat. §102.27(1) provides that: "… no claim for compensation shall be assignable, but this provision shall not affect the survival thereof; nor shall any claim for compensation, or compensation awarded, or paid, be taken for the debts of the party entitled thereto." According to appellants, Ryan, being the only party with standing to bring a claim for workers' compensation is also the only party "entitled thereto" within the meaning of the statute. (ECF No. 9 at 22.) In rejecting appellants' interpretation of the statute, the Bankruptcy Court properly considered the statutory scheme as a whole and concluded that not *all* funds ordered to be paid pursuant to an OWCH order constitute compensation to which the employee claimant is entitled. (*See* R. 4-4 at 382-83.) The OWCH Order approving Ryan's Compromise Agreement specified that compensation of $120,000 was to be paid directly to Ryan, and it is only that amount that Ryan may exempt in his bankruptcy schedules under §102.27(1). The Bankruptcy Court's analysis of Wis. Stat. §102.27(1) contains no legal error. Indeed, appellant's argument is rebutted by §102.26(3)(b), which authorizes payment of a claimant's medical expenses out of the amount awarded, "at the request of the claimant." Ryan, as claimant, requested payment of his medical expenses out of the settlement proceeds when he sought approval of the terms of the Agreement from the ALJ.

Appellants further argue the Bankruptcy Court erred when it alternatively found a basis to impose a constructive trust over the Compromise Amount in favor of Ryan's medical providers and lienholders. They assert that because Ryan is entitled to the $400,000 as compensation under §102.27(1), the Ryans were not unjustly enriched, and there is no wrongful conduct to warrant the imposition of a constructive trust. (ECF No. 9 at 25-26.) This argument also fails. This Court finds no error in the initial finding that Ryan and FMSC were "unjustly enriched by maintaining control over the funds held in the firm trust account, despite the plain directive in the [OWCH] Order for disbursal." (*Id*. at 388.) The Bankruptcy Court correctly recognized that, under Wisconsin precedent, not every situation of unjust enrichment warrants the imposition of a constructive trust; there must also be some wrongful conduct, such as actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or any form of unconscionable conduct. (*Id*. at 386, citing *In re LaLonde*, 431 B.R. 199, 208 (Bankr. W.D. Wis. 2010).) In this case, the Bankruptcy Court found "the defendants' failure to disburse the funds in accordance with the OWCH Order, and the absence of any evidence of negotiation or payment to medical providers and lienholders once those funds were conveyed to the Fortune firm trust account to be the type of 'mistake' that courts will recognize as grounds for enforcing a constructive trust." (*Id*. at 388, citing *In re Teranis*, 128 F.3d 469, 473 (7th Cir. 1997).) The Bankruptcy Court properly concluded that the appellants' mistake, along with the Ryans' unjust enrichment, constituted a basis to impose a constructive trust.

Last, the appellants argue the Bankruptcy Court erred when it determined that the Ryans' interest in the Compromise Amount did not create a remainder or equitable interest sufficient to bring the Compromise Amount within the property of their bankruptcy estate. (ECF No. 9 at 27-29.) This Court disagrees. As noted by the Bankruptcy Court, the OWCH Order included a provision regarding the $400,000 in trust: "it being understood that from any balance remaining the applicant, Rodney Lee Ryan, shall receive 80 percent and Fortune & McGillis SC shall receive 20 percent." The Bankruptcy Court concluded that even if Ryan had an equitable future interest in the funds (which interest would be property of the bankruptcy estate), Ryan's ability to realize on that interest was contingent on there being any remaining balance. The Court finds no error in the Bankruptcy Court's conclusion that Ryan's total medical debt of approximately $870,684 swallowed the $400,000 payment, and, as a result, any equitable remainder interest would have no value in the Ryans' bankruptcy. (*See* R. 4-4 at 389-90.)

In sum, the Court agrees with and adopts the reasoning and analysis of the Bankruptcy Court as set forth in its March 24, 2021 decision. That decision is affirmed.

## CONCLUSION

For the reasons stated above, the Order and Judgment of the Bankruptcy Court Granting Branko Prpa MD LLC's Motion for Summary Judgment in *Branko Prpa MD LLC v. Rodney Ryan, et al*, Adv. No. 19-02209-beh, and the Order of the Bankruptcy Court Sustaining Branko Prpa MD LLC's Objection to Debtors' Claim of Exemptions in *In re Rodney Ryan, et al*, Case No. 19-29833-beh, are AFFIRMED.

SO ORDERED at Milwaukee, Wisconsin on March 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge